UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

SUZANNE MCCORMICK,

               Plaintiff,

  - against -

STATE OF NEW YORK, *et al.*,

              Defendants.

------------------------------------------------------- X

**ORDER**

08 Civ. 4438 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

     By Opinion and Order dated August 8, 2008, this Court dismissed plaintiff's claims sua sponte. Plaintiff now moves for reconsideration of that Opinion and Order.

     "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[1] Plaintiff raises a

---

[1] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). *Accord In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." (quotation omitted)).

1

number of grounds for reconsideration.

Plaintiff first argues that the dismissal of her Complaint denied her an opportunity to conduct discovery.[2] However, this Court already assumed the truth of plaintiff's assertions, and found that notwithstanding those accusations, relief was unavailable.

Plaintiff next argues that the Court misapplied the *Rooker-Feldman* doctrine. She reasons that the doctrine applies only if her federal claim is intertwined with her state claim, and she did not bring her federal claims in state court.[3] Plaintiff has confused the requirements of the doctrine. *Rooker-Feldman* prevents federal courts from exercising appellate jurisdiction over state courts regardless of the form the action takes. Plaintiff's federal claims are barred because she asks this Court to overturn state court decisions, not because the federal claims themselves were already determined by a state court. The latter is an example of claim preclusion, not the *Rooker-Feldman* doctrine.

Plaintiff contends that a related case "revealed and verified suspicions of systemic corruption by State employees acting in violation of their oaths of

---

[2]   *See* Affirmation for Reconsideration of the Court's August 8, 2008 Opinion and Order ¶ 21.

[3]   *See id.* ¶ 23(d).

office."[4] She "believe[s] that such abuses of official positions should be immediately stopped by injunctive relief appointing a Federal Monitor."[5] Even if true, plaintiff lacks standing to make this request.

Plaintiff also argues that she has "a constitutional right to file an amended complaint, and to be, most importantly, substantively heard on the facts of [her] amended complaint."[6] But her proposed amendments would not cure the fatal problems in her Complaint. She contends that her "rights have been repeatedly violated" because of "the total absence of any meaningful oversight and self policing governance" of the New York court system.[7] But as discussed in the Opinion, the lower federal courts cannot police the decisions of state courts. If she believes that a state court decision is unjust or unconstitutional, her sole remedy is to appeal the decision to a higher court of the state, and then, if necessary, to the United States Supreme Court.

The Opinion and Order stated that plaintiff alleged that she hired defendants Rutherford and Keyko. This statement is inaccurate. The Opinion will

---

4   *Id.* ¶ 26.

5   *Id.*

6   *Id.* ¶ 29.

7   *Id.* ¶ 33.

3

be amended to reflect that plaintiff alleged that they were involved in the administration of plaintiff's husband's estate, but were not representing plaintiff.

Plaintiff has not identified any material facts or law overlooked by the Court. Reconsideration is therefore denied.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            August 27, 2008

– **Appearances** –

**Plaintiff (Pro Se):**

Suzanne McCormick
P.O. Box 102
Hastings on Hudson, NY 10706
(914) 693-6687